PEOPLE v JONES

CRIMINAL LAW—SENTENCING—RESENTENCING—MORE SEVERE PENAL-
TIES—DUE PROCESS OF LAW—PURPOSEFUL PUNISHMENT—
KNOWLEDGE.

The imposition of a more severe penalty upon a defendant after
remand by an appellate court for resentencing for the crime
might violate due process of law if imposed as purposeful
punishment for having successfully appealed, but there was no
retaliatory or arbitrary motive behind the imposition of a more
severe penalty upon resentencing where an original sentencing
judge had disqualified himself and a different judge, relying on
a presentence report more favorable to the defendant than at
the original sentencing and unaware of the prior sentence
except for information willingly supplied by defense counsel,
imposed the stiffer penalty after clearly stating his rationale.

Appeal from Wayne, Thomas Foley, J. Submit-
ted April 13, 1976, at Detroit. (Docket No. 20675.)
Decided May 17, 1976.

Eugene Jones was convicted of armed robbery
and rape. Defendant appealed. Affirmed but re-
manded for resentencing, 47 Mich App 160. De-
fendant resentenced. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Patricia J. Boyle,* Principal
Attorney, Research, Training and Appeals, and
*Luvenia D. Dockett,* Assistant Prosecuting Attor-
ney, for the people.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 533–539, 545, 569–572.

*Steven L. Schwartz,* Assistant State Appellate Defender, for defendant.

Before: BASHARA, P. J., and R. B. BURNS and QUINN, JJ.

BASHARA, J. The defendant was convicted on June 22, 1971 of armed robbery, MCLA 750.529; MSA 28.797, and rape, MCLA 750.520; MSA 28.788. He was sentenced to concurrent prison terms of 10 to 15 years by Judge Joseph A. Moynihan.

The convictions were subsequently affirmed by this Court, but the case was remanded for resentencing because the presentence report may have contained improper material. *People v Jones,* 47 Mich App 160; 209 NW2d 322 (1973).

The opinion of the Court of Appeals gave Judge Moynihan two options. He could hold an evidentiary hearing to determine if the presentence report contained a prior conviction that was constitutionally infirm which would require resentencing. In the alternative he could set aside the sentence and order resentencing.

Judge Moynihan chose the latter alternative. He granted the defendant's motion to strike the prior conviction and other arguably improper material from the presentence report. He then disqualified himself from the resentencing proceeding.

The case was reassigned to Judge George Bowles for resentencing. However, Judge Bowles granted another motion to strike additional material from the presentence report, and in turn disqualified himself from the case.

The matter was then reassigned to Judge Thomas Foley, who resentenced the defendant to

terms of 20 to 40 years. The defendant appeals from the resentencing.

Defendant's sole contention is that Judge Foley's substantially higher sentence without supporting objective criteria violated the due process guarantees of US Const, Am XIV.

To adequately set the framework for discussing this issue, it is necessary to set forth the colloquy at the time of resentencing before Judge Foley, taken from the concise statement of facts filed in this Court:

"*The Court:* The Court has reviewed at length the Probation Report. The matter was not tried in my Court, and I think the record should so reflect.

Your attorney informs me this went to the Court of Appeals.

"*The Defendant:* Yes.

"*The Court:* This I wasn't aware of. I knew it has passed through the hands of a couple other judges who disqualified themselves. It went to the Court of Appeals and apparently there was something in the Probation Report originally that should not have been there and this was deleted and the first judge disqualified himself and it went to the second judge and apparently there was something in the Probation Report yet at that time that should not have been there and this was deleted and that judge disqualified himself and so it ended up in this Court.

"Now it is a very serious charge. As you know, you have been found guilty by a jury in front of Judge Moynihan of this Circuit.

"You have been found guilty on two charges, Robbery Armed and Carnal Knowledge of Female Under Sixteen Years which according to the report took place during the robbery.

"Now we have an added factor in this case that you have an arrest and conviction February 4, 1961, Assault with Intent to Rape. You were convicted and sentenced to five to ten years in the State Prison, Southern

Michigan. You were discharged from parole on that particular charge. These are serious and this is especially serious when I note that you had a gun and you used that as a weapon to force compliance with your desires in the course of the robbery.

"I have taken these into consideration. I have taken you age into consideration. Is that forty-four now?

*"The Defendant:* Forty-six.

*"The Court:* Forty-six, two years.

"It is the Sentence of the Court you be committed to the Michigan Corrections Commission, placed in the Commission's custody at State Prison, Southern Michigan, to serve a minimum term of not less than twenty years, a maximum term of not more than forty years with no recommendation. You will receive credit for 1,003 days."

Appellant's counsel objected to the increased sentence citing *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969), and arguing that any increase in sentence over that originally imposed before appeal had to be specifically supported on the record by reasons justifying the increase.

Judge Foley recapitulated his basis for imposing sentence as follows:

*"The Court:* Well, as I have indicated, this came in because of disqualification. I had no knowledge of the prior sentence other than the fact it was a sentence and the method by which it came here for sentencing. You actually filled me in prior to sentencing today counsel.

"I am not bound by the sentence of another judge. I have reviewed this transcript or rather the Probation Report, the life-style of this individual, prior crime, seriousness of the crime that he is before this Court on. I have stated the reasons for my sentence. You've got Count I, Robbery Armed. Count II, Carnal Knowledge of Female Over the Years of Sixteen. The man had a revolver and he used it to force his intentions. He had a

prior record of similar type of crime, Assault with Intent to Rape. He has done time on that.

"Now in my view of this Probation Report which you have had access to and you apparently did not dispute anything in the Probation Report, the seriousness of the offense, the prior offense, it is my best judgment that the sentence of not less than twenty and not more than forty years is applicable to this case and that is what I have sentenced."

Defendant argues that *North Carolina v Pearce, supra,* is dispositive of the issue. In that case a defendant's conviction was overturned and a new trial ordered. After retrial and subsequent conviction the defendant was sentenced to what amounted to a longer period of incarceration than the original sentence.

The Supreme Court was there much concerned with the chilling effect that the possibility of subsequently greater sentences might impose on the right to appeal. The majority, speaking through Justice Stewart, indicated that:

"[W]henever a judge imposes a more severe sentence after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon * * * identifiable conduct on the part of the defendant after the time of the original sentencing proceeding." 395 US at 726.

At first blush it might appear that *Pearce* mandates no greater sentence on remand unless the resentencing judge can identify conduct after the original sentencing which justifies the greater punishment.

However, the *Pearce* doctrine was tempered in the subsequent case of *Colten v Kentucky,* 407 US 104; 92 S Ct 1953; 32 L Ed 2d 584 (1972). There the defendant was fined $10 for disorderly conduct in

a quarterly or justice court in Fayette County, Kentucky. He appealed to the circuit court of the county where, after a trial *de novo,* he was fined $50. The Supreme Court recognized the difference between the facts in *Pearce* and *Colten* where Kentucky has a two tiered system of trial *de novo.*

Justice White, writing for the 7 to 2 majority put *Pearce* in what we consider to be its proper perspective.

"But *Pearce* did not turn simply on the fact of conviction, appeal, reversal, reconviction, and a greater sentence. The court was there concerned with two defendants who, after their convictions had been set aside on appeal, were reconvicted for the same offenses and sentenced to longer prison terms. In one case the term was increased from 10 to 25 years. Positing that a more severe penalty after reconviction would violate due process of law if imposed as purposeful punishment for having successfully appealed, the court concluded that such untoward sentences occurred with sufficient frequency to warrant the imposition of a prophylactic rule to insure 'that vindictiveness against a defendant for having successfully attacked his first conviction * * * [would] play no part in the sentence he receives after a new trial * * * ' and to ensure that the apprehension of such vindictiveness does not 'deter a defendant's exercise of the right to appeal or collaterally attack his first conviction * * * .' 395 US, at 725." *Colten v Kentucky, supra,* 116.

Reviewing the facts as they exist here we are not convinced that the mandate of *North Carolina v Pearce, supra,* has been circumvented. It is immediately apparent that the resentencing here was not as a result of a new trial. In fact, the conviction was affirmed. This Court gave Judge Moynihan the option of reviewing the propriety of guilty plea convictions appearing in the record or

setting aside and resentencing. He chose the latter course of his own volition.

More importantly, when Judge Moynihan disqualified himself and referred the matter to another judge, he removed the source of the problem upon which reversal in *North Carolina v Pearce, supra,* was grounded. There no longer existed the fear of a retaliatory motive on the part of the sentencing judge.

We must also note that the state of the presentence report was in a position more favorable to the defendant when it finally came to the attention of Judge Foley. Both Judges Moynihan and Bowles deleted information upon the request of defense counsel.

Finally, the statements of Judge Foley, quoted in the certified concise statement of facts, reveal that he was not aware of the prior sentence nor any of the particular background of the case. In fact, his only knowledge of past events apparently arose when defense counsel willingly discussed some history with Judge Foley.

The statements of Judge Foley as to his rationale for the imposition of the length of sentence are clearly set out in the concise statement of facts. They indicate no retaliatory or arbitrary motives. Rather, they reflect the careful reasoning of a seasoned judge exercising his discretion as statutes and the case law admonish him to do.

Affirmed.